Jackson, J.,
delivered the opinion of the Court. It is not doubted that this plea would be good at common law ; but it has been argued, that, by our statute,(1) a writ of dower may be brought against any person in the actual possession of the premises, although he is not tenant of the freehold.
As there seems to have been no adequate motive in this case, to deviate from the principles applicable to all real actions, we are not to suppose that the legislature intended to do so, unless their meaning is clearly and unequivocally expressed. The statute seems to require that the demand, to entitle the widow to damages, should be made of “ the heir or other person having the next immediate estate of freehold or inheritance.”† If these words are to be construed strictly, the demand could not be made of any one who had purchased of the heir, although such purchaser were tenant of the freehold at the time of the demand made. Supposing this to be the meaning of the legislature, we can see some reason for the expression in the latter part of the same section, that the action is to be brought against “ the tenant in *424 possession, or such persons who have or claim right or inheritance m the same estate, in manner and form as the law prescribes.” The construction then would be, that, although the demand must be made of the person who is seized at, or immediately after, the death of the husband, yet the action must be brought, as usual, either against that person, or against any other who may be tenant in possession ; that is, tenant of the freehold, at the time when the action is brought.† The mention of the tenant in possession would serve only to show, that, by requiring the demand to be made of him who first held the estate after the death of the husband, they did not intend that the action should be brought against him, unless he continued seized. If, on the other hand, the previous demand may be made, by [*487] the widow, * of whomsoever she may find seized of the land, then the mention of the tenant in possession, in the following part of the same section, would express only what would have been implied, namely, that the widow may recover her dower, and her damages also, against the original holder of the land, if he continues seized, otherwise, against whoever holds it after him.
Upon the construction first suggested, it might happen that the action should be maintained, and the damages as well as the land recovered, against a grantee of the heir, although he should never have heard of any such previous demand by the widow. But this consequence would not be so inequitable as it might at first appear. If the purchaser knew that the widow had an unextinguished right of-dower, the price would be regulated accordingly ; and he could not complain, if compelled to restore one third of the land, with the like proportion of the rents and profits from the time of the husband’s death. If the purchaser was not apprized of her title, he must rely for his indemnity on the covenants of his grantor. It would be like any other case of a secret lien or incumbrance upon the estate, or a defect in the title of the grantor. Even if the demand were made of the original holder of the land, before the conveyance to the present tenant, so that the latter would be liable for the rents accrued before he became the owner of the estate ; still, it would be no worse than if there had been a mortgage on the premises, unknown to him, for a sum in gross. In the one case, he would lose nothing that he could justly call his own, as he would pay only the portion of the rents and profits received by him, which originally belonged to the widow. In the other case, although he would be liable for rents which he had never received, yet unless the writ were fraudulently delayed for a long time, the sum could never amount to any considerable proportion of the value of the land ; so that it would still be nothing more in effect *425 than a mortgage or other incumbrance, for which he must seek hia remedy on the covenants of his grantor.
* By the statute of Merton, c. 1, (2) a widow was en- [*488J titled to damages only when her husband died seized. The principal object of our statute seems to have been to give her damages in all cases, if her dower is not assigned in a reasonable time after demand. Of course, this demand is not confined, as in Eng „and, to the heir ; but may be made of whoever has the next immediate estate after the death of the husband, whether the feoffee or disseizor of the husband.
But it does not appear necessary, in order to attain this or any other object of the statute, that one of the first principles of real actions should be subverted. If the action for the land could be maintained against a tenant for years, or a tenant at will, he might have a judgment against him for the damages also, although from the nature of his estate he could not be supposed to have expected any such liability, nor to have provided in any way for his indemnity against it.
The plea is adjudged good, and the writ is abated.

 Stat. 1783, c. 40.

 [Mass. Rev. Stat., chap. 103. § 2. “ She ” (the widow) “ shall demand her dowel of the person who is seized of the freehold at the time of making the demand.” — Ei.]

 [Sect. 4. “ The action shall be brought against the person who is tenant of the freehold at the time when it is commenced.” — Ed.]

 Co. Lit. 32, b.-2 Inst. 80.