Allen, J.
As between joint tenants, one cannot do an act to the prejudice of the other; but the joint tenancy can at any time be destroyed by a conveyance by one of the joint tenants to a stranger. Such conveyance severs the joint tenancy by destroying the unity of title, and also by destroying the unity of possession ; for the alienee and the remaining tenant have several freeholds. 2 Cruise’s Dig. title 18. ch. 2. § 10. But though cases of severance by the conveyance of one joint tenant are of frequent occurrence, this happens, it is said, where such conveyance is of the joint tenant’s estate in the land, but not where it is of apart of the land. As between the joint tenants; there may *277 be good reason for holding that a conveyance by one, of a specific parcel of the land, should not affect his cotenant. They are seized per mi et per tout, and neither has a right at his election to convey a particular portion, so as to affect or prejudice his cotenant. The cases in Massachusetts Reports, cited in the argument, establish the proposition that one shall not convey so as to prejudice the cotenant. And this is the extent to which they have gone. As between the tenant conveying and his grantee, in one of the earliest cases (Porter v. Hill, 9 Mass. R. 34.) it is intimated that such conveyance may operate by way of estoppel against the grantor; which could not be if the deed were to be considered as entirely void.
The earlier cases in that court arose in controversies where the tenants were parties. But in Varnum v. Abbot &c. 12 Mass. R. 480. the question directly arose, whether such a conveyance had any effect as against the grantor and those claiming under him ? After reviewing the cases in which it had been held that such a conveyance could have no legal effect to the prejudice of a cotenant, the court proceeded to consider its effect as against the grantor, and determined that it is effectual against him. If upon a partition the share assigned to the cotenant does not include the part conveyed, the cotenant has got all he has a right to, and the grantor cannot be permitted to deny his deed. So in the case of a release by the cotenant to the alienee, of his moiety in the part conveyed, the alienee would have a deed from each, and yet, if the first conveyance was merely void, it could not help the second; and so the party in possession, with deeds from each of the tenants who alone had any pretence of title to the land, would still be unable to maintain the possession. For these and other reasons given by the court, they determined that the deed is not absolutely void.
*278 With us, there are still stronger reasons (if any were required) for holding such deeds not to be void. All grants are to be most strongly construed against the grantor; and by our statute, 1 Rev. Code, ch. 99. § 20. pt 3gg_ alienations purporting to pass or assure a greater right or estate than the grantor may lawfully pass or assure, shall operate as alienations of so much of the right and estate as the grantor might lawfully convey. Under the covenants of such a deed as this, though it might be ineffectual to pass the particular tract as against the cotenant, yet as against the grantor and strangers it would be effectual to pass the interest of the grantor in the tract. Possession under it would support a release from the cotenant: and if the part conveyed were assigned to the alienee on partition, the title would be absolute at law. The deed being good against the grantor, the entry of the tenant under it would be lawful; and though it might be inoperative so far as the rights of the cotenant were thereby prejudiced, yet as it would invest the grantee with the estate of the grantor so far as he could lawfully convey, the grantee would be tenant in common with the co-tenant of his grantor, to the extent of the interest conveyed. His possession and seisin would be the possession and seisin of both, because such possession and seisin would not be adverse to the right of his companion, but in support of their common title.
I think, therefore, that the court erred in deciding that the deed was merely void.
Even if the matter were more doubtful than I think it is, still the court erred in excluding the deed. Evidence was introduced tending to prove that a partition had been made between the tenants. The jury were the judges of the effect of that evidence. If a partition had in fact been made, though without deed, and the parties had held in severalty afterwards for a period sufficiently long to bar a writ of right, the jury might *279 have presumed a deed. Whether the circumstances in evidence would have justified such presumption, it is not necessary t'o determine. The deed, in connexion with the other evidence, was admissible, as tending to prove facts from which such a presumption might arise.
The deed, too, was proper evidence on other grounds. The tenant (as the bill of exceptions discloses) relied on the possession. Whether the evidence would have made out such a possession as of itself would have been sufficient to bar a recovery, was a question of fact for the jury. If the tenant claimed to hold by virtue of the deed, though it might not have furnished evidence of title, it would have shewn that he claimed under colour of title, and was not a mere naked trespasser. In that point of view, and for the purpose of defining and designating the extent of his possession, the deed was proper evidence.
I think the judgment should be reversed, the verdict set aside, and the cause remanded for a new trial, upon which the deed, if offered, is not to be rejected upon the ground that it was merely void.
The other judges concurring, judgment entered accordingly.