## COUNTY OF KENT, SEPTEMBER TERM, 1856,
## AT EAST· GREENWICH.

PRESENT:

Hon. SAMUEL AMES, Chief Justice.
Hon.· GEORGE A. BRAYTON, } Justices.
Hon. ALFRED BOSWORTH. }

---

## Olive Ellis *v.* Willard B. Ellis.

If judgment be entered against the plaintiff by his submission thereto in the court of common pleas, he may nevertheless appeal therefrom to the supreme court, although, at the time of submission, the court had sustained his demurrer to a plea in abatement, and ordered the defendant to answer over, and no new issue had been joined.

A plea in abatement is bad on general demurrer, unless certain to every intent.

Non-joinder of one of the tenants of the freehold as defendant is good cause of abatement in an action of dower brought against the tenant of the freehold as such tenant only.

Although at common law a writ of dower *unde nihil habet* lies in general only against the tenant of the freehold, such writ may be maintained in Rhode Island against a tenant for years in possession, by force of the 5th section of the " act relating to dower and the assignment thereof." Dig. 1844, p. 188.

Demand of dower must first be made of such tenant in pursuance of the statute in order to maintain the writ, and damages for detention are recoverable only from the time of demand.

Ellis *v.* Ellis.

A demurrer to a plea in abatement, does not look back to faults in the declaration, the writ only being then in question. ·

WRIT OF DOWER.  The tenant pleaded in abatement that he could not render to the demandant her dower in the premises, because he was not, at the date of the writ, and is not, tenant of the freehold except in common with Charles S. Ellis and Betsey A. Hoxsie, wife of Benjamin R. Hoxsie, who are not joined with him, &c.

To this plea the demandant demurred, alleging for cause, in addition to the other insufficiencies of the plea, that it did not allege that the tenant was not *tenant in possession* of the premises at the time alleged in the writ, &c. ; and the tenant joined in demurrer.

The action was brought in the court of common pleas for the county of Kent, and the judge presiding in said court having, after hearing, overruled the plea in abatement, and ordered the tenant to answer over, the demandant, before a plea to the merits had been filed, and without procuring a rule upon the tenant to plead within a given time, submitted to judgment for costs, which was entered up against him, and thereupon appealed to this court.

*Cozzens*, for the tenant, moved to dismiss the appeal, on the ground, that the demandant could not be "*aggrieved*," in the language of the statute giving appeals from the courts of·common pleas to the supreme court, by the judgment on the plea in abatement, upon which an issue in law had been made by demurrer, because that judgment was in his favor, and rendered upon the only issue made in the cause.  Neither, he contended, could he be "aggrieved" by a judgment for costs to which he had voluntarily submitted; and indeed, as there was no issue made in the cause, such a judgment amounted to no judgment at all, and therefore could not support an appeal.

*Wm. H. Potter*, for the demandant, shortly replied to the motion, referring to the invariable practice in the state of permitting appeals from such judgments, submitted to in every stage of the pleadings, for the sake of speeding the cause, and getting it by appeal into the court of last resort.

To save time, it was agreed that the demurrer to the plea in abatement should be heard before the motion was decided, that the court might consider and decide upon one or both at the same time; whereupon the argument upon the demurrer proceeded.

*Potter*, for the demandant, contended that the plea was insufficient, because it did not allege that the tenant was *not* sole tenant in possession; and referred to the "Act relating to dower and the assignment thereof," and especially to the 3d, 5th, and 8th sections of the act. Dig. 1844, pp. 188–190. This statute, he maintained, expressly authorized by the last clause of the 5th section, the widow, " to sue for and recover her dower by writ of dower, to be brought against *the tenant in possession, or* the tenant of the next immediate estate of freehold." He argued that, as by the 3d section of the act, the tenant in possession, though but a tenant for years, might join in assigning dower, he was, as a person empowered by that section to set off dower, by the express terms of the 5th section suable for neglect to do so. He also referred to the 8th section of the act which provides that the action shall not abate if the defendant be tenant of the freehold, which plainly implies that a tenant for years may be the defendant, and that upon his death the action shall abate as at common law. He cited *Merrill* v. *Russell,* 1 Mass. 469.

*Cozzens* argued that under our statute, as at common law, only the tenant of the freehold could set off dower; the tenant in possession, if for years only, being empowered to "*join*" in setting it off only; and that the statute never intended to make any one liable to suit for neglect to set off dower, unless he were empowered to set it off himself. He contended that the action would lie only against the tenant of the freehold, and that the tenant in possession intended in the section was such tenant, and not a tenant for years; and that if it must be brought against such a tenant, it must be brought against all such tenants, in by joint title, since all must join in setting off dower. The statute of Rhode Island, he said, was borrowed from that of Massachusetts, and the supreme court of that state held that the action could be brought only against a tenant, or the tenants, to the freehold, if there were more than one; and

that in this last case the demand, required by the statute, must be made of *all* the tenants, *personally*, if within the state. He also contended that the declaration was faulty because it averred no demand made to set off dower of the heir or tenants of the next immediate estate of freehold, and that the demurrer would go back to that, as the first fault. He cited *Parker* v. *Murphy*, 12 Mass. 485 ; *Burbank* v. *May*, 12 Metcf. 557 ; *Luce* v. *Stubbs*, 35 Maine, 92.

Ames, C. J. To save time, the counsel have consented to argue the motion to dismiss this appeal and the questions raised by the plea in abatement, together ; and we will consider them in the order just named.

The ground of the motion to dismiss, is, that the demurrer to the plea in abatement having been sustained in the court below, the plea overruled, and the tenant ordered to answer over, the demandant actually recovered judgment in that court upon the only issue made up in the cause, and could not, in the language of our statute " establishing courts of common pleas," (Dig. 1844, p. 99, § 15,) be " aggrieved " by the judgment. It is contended that he should, under the rules of practice in this state, have obtained a rule upon the tenant to plead to the merits within a limited time, and, before he submitted to judgment, have had an issue made up thereon ; that he could not, as he did, submit to judgment generally before a new issue was joined, and that, in truth, the judgment for costs, actually rendered against the demandant by his submission, was no judgment at all.

We cannot agree to this reasoning. The fact that there *is* a judgment of the court of common pleas against the demandant is quite as apparent from an inspection of the record transmitted to us by that court on this appeal, as it is, that the plea in abatement filed by the tenant was overruled, and that he was ordered to answer over. In one sense, it is true, that the demandant cannot complain of a judgment against him to which he has voluntarily submitted ; that is, asked, or procured to have, passed against him. It is, however, quite too late in the day to contend that he is not " aggrieved " by such a judgment, in the sense of the statute authorizing appeals from the court of

10 *

common pleas to this court, after the multitude of appeals that
have been taken and allowed from such judgments, through so
many years. So far as the fact, that no issue was made up upon
the merits in this cause at the time of submission, is concerned
in this motion, we think, that it would be a very proper practice
in the court of common pleas to refuse to render judgment at
the instance of any party to an answered suit, whether for or
against him, for the purpose of an appeal, until, as far as it lay
in the power of that party, some issue in fact or law had first
been joined; and presume that this judgment was, as many
similar judgments have been, rendered either by consent, or
without the attention of the court being directed to the state of
the pleadings. Nevertheless, here is the fact, that a judgment
has been rendered against the plaintiff with his consent, in a
cause in which the opposing party has been ordered to answer,
upon the overruling of his dilatory plea, but has not answered
to the declaration. We are not aware of any rule of law or of
practice in this court which requires that in order to an appeal
the pleadings must first be closed, and an issue in law or fact
be first made up; and the actual practice, as we all know, has
been just the other way. This judgment for costs is the result
of the act of the court upon the consent of the party against
whom it was rendered; and if it be, as is said, a wrong or an
improper judgment, considering the state of the pleadings, to
have been passed by the court, we see no reason why the de-
mandant may not, within the time limited by law for taking an
appeal to this court, assume the *locus pœnitentiæ*, so far as his
consent or submission to it is concerned, and exercise his right
of appealing to this court, in order that a better judgment may
be awarded to him, after proper proceedings had in the cause.
In other words, the greater the fault of the judgment, the
stronger the reason for the appeal; and an appeal to us, made
within the time limited by law is not *in our discretion*, but *the
right* of the party against whom there is a judgment below,
secured to him by statute. The motion to dismiss this appeal
must therefore be denied.

The plea in abatement raises a more difficult question, de-
pending for its decision upon the construction of a statute of

this state, entitled " an act relating to dower and the assignment thereof." The ground of demurrer to this plea is, that it does not allege that the tenant was not tenant in possession of the premises in which dower is sought, in the sense of *sole* tenant in possession, as well as allege that he was not sole tenant of the freehold; and if it be true that an action of dower will lie, under our statute, against a *sole* tenant in possession whether in fee, for life, or even for years, it is a consequence that this plea, inasmuch as it does not negative such *sole* possession of the tenant, is bad on demurrer, for want of that exact accuracy and precision in framing it, making it certain to every intent, that is necessary in a dilatory plea. 1 Chit. Pl. 444, 445, *vide* 3d Am. ed. It is subject to the objection that it contains, or itself amounts to, a negative pregnant. It denies that the defendant was tenant of the freehold except with others, but is open to the implication that nevertheless he *was* sole tenant in possession; and so is bad, as a dilatory plea, upon general demurrer. Ibid. 456, 518, 586. It follows, also, that if an action of dower in this state will lie only against the tenant of the freehold, then this plea is good; since non-joinder in this action of one of the tenants of the freehold, where there are more than one, is good cause of abatement. 9 Vin. Abr. Dower, L. *a.* 3. 9. M. *a.* 8. 20. 1 Saund. 291, *f.* *Varnum* v. *Abbott et al.* 12 Mass. 480. *Burbank* v. *May*, 12 Metcf. 556. If, on the other hand, the action of dower will also lie here against a sole tenant in possession of the lands out of which it is sought, this plea is bad on demurrer, for the reason above given.

It is certainly true at common law, as a general rule applicable to all real actions, that he who demands a freehold, as a demandant in a writ of dower does, must demand it of one who has or is seized of a freehold, usually denominated the tenant to the *præcipe ;* that is, must demand it of one who has it to render to him. Hence a writ of dower *unde nihil habet* must, at common law, like every other real action, be brought against the tenant to the freehold. It will not, therefore, lie at common law against a guardian in socage, tenant by *elegit*, statute merchant, or statute staple, or against a lessee for years, for the simple reason that these, not having a freehold, cannot render

or assign dower, which requires or demands a freehold. Co.
Lit. 35 *a.* Vin. Abr. Dower, Z. 13–15. Whilst those in mere
possession *by right* of the premises out of which dower is
sought, but who have not a freehold interest in them, can neither
assign dower nor be sued for it, those who have a freehold in
them, though *by wrong*, can assign dower, and therefore be sued
for it ; for in addition to the heir of the husband, or him entitled
to an estate of freehold next after him, an *abator*, an *intruder*,
or *disseisor* might, if fairly done, assign dower, and therefore be
sued for it, because tenants of the freehold, though by wrong.
Co. Lit. 35 *a.* 9 Vin. Abr. Dower, L. 9, 10, 11, 15. Even an
infant might, before the guardian in chivalry entered, assign
dower, and so could be sued for it. Co. Lit. 35 *a.* Vin. Abr.
Dower, T. 1. The principle of this common-law maxim con-
trolled however the maxim itself ; and hence there was in
feudal times one exception to it in its application to a writ of
dower. Such a writ would lie against a guardian in chivalry,
or one who held a wardship by grant from the crown, after he
had entered into the lands of his ward, though he had but a
chattel interest in them ; Co. Lit. 35 *a*, 38 *b ;* and the reason
given by Coke why such a guardian could assign, and was
*therefore* liable for dower, is, " because the law has trusted the
guardian to plead for the heir within age that is in his custody,
and also for his own particular interest, and by this diversity all
the books are reconciled." Co. Lit. 38 *b.*

But proceedings in dower are not left in this state to the
common law, but are regulated by statute ; and we have called
attention to the rule of common law in relation to this matter,
and the principle of, and exception to it illustrative of the prin-
ciple, only because they seem to us to shed some light upon the
construction of our statute. It is said by the counsel for the
demandant, that by the *fifth* section of the act of this state
" relating to dower and the assignment thereof," (Dig. 1844,
p. 188,) " the widow may sue for and recover her dower by writ
of dower to be brought against the tenant in possession *or* the
tenant of the next immediate estate of freehold." He further
says, that the meaning of the words, " tenant in possession " in
this section is construed by the last clause of the *third* section

of the same act "to include such a tenant, even though he be but a tenant for years; inasmuch, as that clause provides, that "if the tenant in possession have but a term for years, he may *join* with the persons having the next immediate estate of free-hold in the same, *in assigning and setting off dower.*" He also calls our attention to the *eighth* section of the act, which enacts that "no action of dower shall abate by the death of the tenant named therein, *where the defendant is tenant of the freehold,* if the property passes by devise or descent from him;" which sup-poses, as he contends, that the action may be brought against some one other than a tenant to the freehold, who must of course be a tenant for years, or of an estate less than a freehold, as a *possessor* merely of the land out of which dower is sought.

On the other hand it is contended, that inasmuch as the heir, or person having the *next immediate* estate of freehold in all or any of the lands belonging to the deceased husband during the intermarriage, out of which the widow is dowable, can alone *assign* dower according to the *third* section, and the tenant in possession for years can only *join* with these persons in assign-ing it, "the tenant in possession," mentioned in the fifth section as one against whom, after neglect of a month's demand, the writ of dower may be brought, cannot be a mere tenant for years, since this last section only allows the writ to be sued against a person "*empowered*" by the third section to set off dower, which a tenant for years merely, is not. The "tenant in possession" mentioned in the *fifth* section as one against whom, in the alternative of the *next immediate* tenant of the freehold, the action may be brought, may and does still intend, it is said, a tenant of the freehold, to wit, the *alienée* of the heir, who is not *next immediate* tenant of the freehold to the husband.

It may be contended, too, that the provision in the *eighth* section, with regard to the abatement of a writ of dower upon the death of the defendant, is not conclusive upon the construc-tion of the words in question, because that provision seems at least principally designed to express, that the writ shall not abate *where* the tenant's right passes by *devise* or *descent* from

him; but that, if the right passed from him by deed, execution, or otherwise, inasmuch as then, his heir or general devisee could not, upon his death, properly be made a party to the pending suit—both from want of power to assign dower and want of interest in the assignment of it,—the writ should abate, as at common law, upon the death of the defendant.

Our attention, too, has been called by the counsel for the tenant to the case of *Parker* v. *Murphy*, 12 Mass. 485, which construes in this respect the statute of Massachusetts of March 11, 1784, sect. 1,—sometimes termed the act of 1783, ch. 40,—as showing, that the construction contended for by the tenant is the construction given by a learned court to an act on the same subject, from which our's was, in part at least, copied. In that case, the supreme court of Massachusetts decide, that their act did not alter the common-law rule, that the tenant in a writ of dower must be tenant of the freehold, although it provided that the action may be brought "against the tenant in possession, *or* such persons who have claim or right or inheritance in the same estate." The learned judge who gave the opinion of the court noticed, that although the act required the demand of dower to be made " of the heir or other person having *the next immediate* estate of freehold or inheritance," meaning the person having the estate of freehold or inheritance *immediately* next to the estate of the husband, yet, that the clause providing against whom the action was to be brought was not thus qualified. He concluded, therefore, that the words " tenant in possession " might be satisfied by holding them to be a provision by the legislature that the action might be brought against any tenant in possession *who had a freehold interest,* although not *next* or *immediate* to that of the deceased husband; without holding that, by force of them, the common-law rule that a tenant to a real action must be a tenant of the freehold, was designed to be abrogated in relation to a writ of dower.

We cannot but notice in passing, that in the earlier Massachusetts case on this subject, *Merrill* v. *Russell,* 1 Mass. 469, decided in 1805, one at least of the justices of the supreme court of Massachusetts seems to have supposed, that the act of Massachusetts in question, contemplated " two descriptions of

persons against whom a writ of dower might be brought : *First*, persons *in the actual possession* of the estate in which dower is demanded, and *secondly*, such persons as have or claim right, or inheritance, in the estate." This undoubtedly *is*. the most natural construction of the act, and gives the fullest meaning to all the words employed in it. Now precisely as the provision in question stood in the first section of the Massachusetts act of 1784, upon which this construction was *first* though subsequently put, it was copied into our act regulating dower, and stood in the Digest of 1798 as the 4th section of that act, as well as in the Digest of 1822 as the 4th section of the act then in force. Dig. Laws of R. I. 1798, p. 245. Dig. 1822, p. 189. But what seems to us of more importance is, that in practice, the words in question have always been construed here in the largest sense ; and the writ of dower has always been brought, either against the tenant in possession, though but a tenant for years, or against the tenant of the freehold, at the election of the demandant. This practice under the act as it stood in the Digests of 1798 and 1822 is certainly more than merely countenanced by the provisions touching this subject, additional to those in the above act of Massachusetts, introduced into the act as it now stands in the Digest of 1844. The " tenant in possession " in the only place in the act in which he is spoken of, other than in the clause to which we are called to give a construction, is spoken of in the act of 1844, as one who may have but a term for years ; and, what is of more importance, considering the general principle of the common law, controlling, as we have seen, the maxim of the common law that the tenant to the *præcipe* in a real action must be a tenant of the freehold, he is empowered, in that place, to *join* in the *assignment* of dower. He is thus brought within the scope of this. controlling principle, as one, who capable of acting in the assignment of dower, is therefore liable to the action, if upon due demand, he does not act. The first words of the 5th section of the act, we think, include him as " a person empowered according to the third section " to set off dower, and made liable to be sued if, upon demand, he does not procure it to be set off. Upon neglecting to comply with the demand to join with

the heir or person having the next immediate estate of freehold in performing this duty to the widow, he at least would be liable, upon common-law principles, to be *joined* in the action with the heir or such person; and the statute, in our judgment, intended to provide that the widow, instead of joining him merely, might have her election either to pursue him alone, or the next tenant of the freehold. The provision in the eighth section against abatement of the writ of dower upon the death of the defendant named therein, " where the defendant is tenant of the freehold, if," &c., seems to us to point in the same direction, and to imply, if not necessarily, that there may be a defendant to such a writ who is not tenant of the freehold, and is therefore a tenant of a less estate.

It is to be noticed, that the objection to the plea is not, upon this demurrer, that it does not negative that the tenant is sole tenant for years, but that it does not negative that he is in *sole possession* as *tenant of the freehold,* but merely affirms, without this last negative, that he has an estate in common in the land out of which dower is demanded with two other persons named in the plea. The plea therefore leaves it to be implied, that in addition to being one of ·the tenants to the next immediate estate of freehold, he is, or may be, also, sole tenant in possession, as lessee of the shares of his co-tenants. We mention this, however, not for the purpose of resting our decision upon it, but rest it rather upon the ground, that by our statute, whether construed by the practice under it, or by a minute examination and comparison of various of its provisions with each other, and with the principles of the common law applicable to them, the general assembly designed that a widow should be entitled to recover her dower, by writ of dower, of any one found in possession of lands of her husband out of which she was dowable, whatever might be his title or claim thereto; in order to facilitate her remedy for the enforcement of this most humane and just provision which the law makes for her support. It is not unworthy of remark, that by this construction, the action of dower is assimilated to what we call our action of " ejectment;" the only action used in this state for the recovery of seisin or possession of any interest which the plaintiff can have, giving

him title to the possession of lands; an action, in which the nominal are the *real* parties litigant, and which lies against tenants for years, as well as against tenants of the freehold whether claiming by right or wrong, in every imaginable case in which the plaintiff can have a right of recovery.

The only practical objection to this construction noticed by the supreme court of Massachusetts, in *Parker* v. *Murphy*, is, that a tenant for years, or at will, might have judgment rendered against him for the widow's damages, caused by the detention of her dower, although, from the nature of his estate, he could not be supposed to have anticipated any such liability, nor to have provided in any way for his indemnity against it. The rule of damages for detaining a widow's dower *after demand*, (and we construe that the demand must have been made of the tenant in possession, though but a tenant for years, if he be sued, if not also of the heir or person having the next immediate estate of freehold,) is, the full rents and profits of the share of the estate to which she was entitled from the time of her demand up to the time that the same is completely set off and assigned to her. As the tenant in possession must have had demand made of him to set off dower *before* the right to damages for detention begins to accrue against him, there can be no such hardship *here*, in compelling him to account for the rents and profits received by him *after* such demand, as seems to have been anticipated by the supreme court of Massachusetts in making him liable under their act of 1784. The title of the widow, in order to her recovery, must be paramount to his. In every case of recovery by title paramount, our law gives to the party recovering an action for mesne profits accruing within the period of legal limitation; and the tenant for years, if defendant in an action of dower, has an additional protection against injustice in this particular to that possessed by him in case of recovery against him by title paramount under any other claim, in that being entitled to demand, before damages for detention of dower begin to be reckoned against him, he may, as a practical remedy, either detain them from his rent, or require security from his landlord before he pays his rent over. As he may vouch in his landlord also, when sued, it would be difficult to

imagine how he could be made liable at all with more attention to his just rights and expectations; and we cannot doubt but that, had the supreme court of Massachusetts been dealing with a statute similar to ours, their decision would have been in accordance with that which we feel ourselves called upon to make. Nor is this the only state in which the widow may pursue the actual occupant, instead of the heir or tenant of the freehold, as at common law. In New York, by statute, the action of ejectment has been substituted for the writ of dower; and must be brought, according to the principles of that action, against the actual occupant, though he be but a tenant for years. If upon trial of the action it turns out, that the dower out of which the widow has been kept, has not been before assigned to her, she is entitled to have it assigned to her by commissioners to be appointed by the court, and a writ of possession follows their admeasurement of it. 2 Rev. Stats. N. Y. p. 303, §§ 1, 2, &c. Shaver v. McGraw, 12 Wend. 558. Ellicott v. Mosier, 11 Barb. Sup. Ct. R. 574.

But it is said that even if the plea in abatement be faulty, it will not avail the demandant, inasmuch as the demurrer to the plea by her filed looks back to the first fault, and the declaration is faulty in this, that it avers no demand to set off dower, made of the heir or of the next immediate tenant of the freehold.

We have not looked into the declaration to see whether it be faulty in this particular or not; nor are we entitled, upon this demurrer, to look at the declaration for the purpose of considering its defects. It is well settled that a demurrer to a plea in abatement does not look back to a fault in the declaration, since nothing but the writ is then in question. 1 Saund. 285, n. c. 1 Chit. Pl. 457, 647, and cases cited, 3d Am. ed.

Our decision is that the demurrer must be sustained, and that the tenant answer over.