HARRIET B. SPRAGUE *vs.* CHARLES W. STEVENS, *et al.*

MAY 26, 1911.

PRESENT:   Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

(1)   *Equity.   Dower.   Superior Court.*

The Superior Court has jurisdiction of suits for dower under its general equity powers.

(2)   *Demand for Assignment of Dower.*

A demand for assignment of dower is not necessary to maintain a suit in equity by a widow for dower either under the general equity jurisdiction of the Superior Court or under Gen. Laws, 1909, cap. 329, § 15.

(3)   *Writ of Dower.   Detention.   Damages.   Demand.*

Gen. Laws, 1909, cap. 329, § 7, is in derogation of common law right, and must receive strict and literal construction, and relates solely to proceedings by writ of dower, and furnishes the exclusive remedy for detention of dower and recovery of damages therefor, and while demand by the widow is necessary under such statute, neither allegation nor proof of demand is required in equitable suits for recovery of dower.

(4)   *Dower.   Description of Estate of Husband.*

In an equitable suit for assignment of dower, an allegation that complainant's husband was seized in fee simple and possessed of the lands out of which dower is sought, is a sufficient allegation of his estate therein.

(5)   *Dower.   Description of Estate of Husband.*

In an equitable suit for assignment of dower, it is an essential allegation that

the husband in his life time and during the intermarriage was seized and possessed of an estate of inheritance in the lands out of which she seeks to be endowed. But this requirement is fulfilled by an allegation that he was within such time seized and possessed of the lands in fee-simple.

(6)  *Dower.   Description of Lands.*

In such suit where the several original tracts as owned by the husband are described by metes and bounds and by reference to the deeds and the records thereof by which the husband acquired them, it is unnecessary for the complainant to describe subsequent subdivisions of the tracts. All that is necessary is for the widow to show that during her coverture the husband was seized of an estate of inheritance in certain lands which were conveyed by him and in which she has not relinquished her right of dower.

(7)  *Dower.   Defence to Bill.*

It is not necessary for such bill to show whether the husband deceased testate or intestate or whether the widow accepted any provision of a will in lieu of dower. It is a matter of defence.

Neither is it necessary to aver that the husband did not die seized of lands in which the widow is dowable other than those described in the bill. That is also a matter of defence.

(8)  *Equitable Suit for Assignment of Dower.   Joinder of Parties Respondent.*

In an equitable suit for assignment of dower it is necessary that the owners of all the land in which the widow claims to be dowable should be joined under the provisions of Gen. Laws, 1909, cap. 329, § 15.

(9)  *Dower.   Description of Property of Respondents.*

In an equitable suit for assignment of dower the widow may join divers respondents without stating what their respective interests are in the several pieces of property, since they may well be supposed to have better sources of information than complainant.

(10)  *Allegation of Ownership in Respondents.   Dower.*

In an equitable suit for assignment of dower a general allegation of ownership in the respondents and the source of their title is sufficient to apprise them of the complainant's claim in that particular and is enough to put them upon their defence.

(11)  *Equity.   Dower, in Less Than all Lands of Which Widow Dowable.*

A bill in equity for assignment of dower which seeks to have dower set off in any less than all the lands of which the widow is dowable at the time of bringing the suit cannot be maintained under Gen. Laws, 1909, cap. 329, § 15.

Such a bill might be maintained under the general equity jurisdiction of the court, for separate suits could be brought to have dower assigned out of each several parcel of land.

(12)  *Dower.   Lands Conveyed by Husband.*

A widow is not entitled to have dower set off to her out of lands conveyed to others by the husband in his lifetime, if the husband at his decease was

seized and possessed of other lands out of which her dower might be assigned.

(13) *Dower. Joinder of all Parties Owning Land in Which Dower is Sought.*

A bill in equity for assignment of dower brought under Gen. Laws, 1909, cap. 329, § 15, which is the exclusive remedy for the purpose of obtaining an assignment of dower in several parcels of land in one suit, must be brought against all persons owning the land out of which dower is sought, although it is not necessary to include those with whom settlements had been made.

(14) *Equity. Dower. Multifariousness.*

A bill in equity under Gen. Laws, 1909, cap. 329, § 15, may be brought against any number of respondents irrespective of their community of interest in the lands out of which dower is sought.

(15) *Dower Set Off in Special Manner.*

Gen. Laws, 1909, cap. 329, §§ 2 and 17 recognize the fact that peculiar conditions may exist wherein it will be equitable to set out dower in an extraordinary manner and the provisions of § 17 are broad enough to include a suit in equity under § 15. Such a bill might also be maintained under the general equity jurisdiction of the court.

(16) *Dower. Described Owners of Tracts.*

Where a bill in equity seeks to have dower set off out of several tracts it need not show who are the owners at the time of the filing thereof of each of the tracts described, if it shows who are the owners of all the tracts.

BILL IN EQUITY for assignment of dower. Certified under Gen. Laws, 1909, cap. 289, § 36, for determination of questions.

DUBOIS, C. J. This is a bill in equity, brought by the widow of Amasa Sprague against Charles W. Stevens and over seven hundred other respondents, for the purpose of obtaining an equitable assignment of her dower, out of the lands held by them, whereof her said husband was seised of an estate of inheritance during their intermarriage to which she has not relinquished her right of dower. The lands, whereof she claims to be dowable, were conveyed to her husband, prior to their intermarriage, November 12, 1873, and were mortgaged and conveyed by him thereafterwards by deeds to which she was not a party and wherein she did not release her right of dower. The lands were conveyed to her husband as fourteen separate tracts or parcels, and only a portion of the land was platted into house lots or subdivided until after he had conveyed the same. Amasa Sprague died August 4, 1902, but the respond-

ents have never assigned to the complainant her dower in said lands. In her prayer for relief she asks that the respondents account to her for the rents and profits of said lands; that one-third of them may be assigned to her during her lifetime for her dower; that "if it be found that said lots of land are held in severalty by these respondents so that her dower therein cannot be reasonably or justly assigned to her in said several parcels of land by metes and bounds," then fixed rentals, to be paid to her at stated periods by the respondents or later owners of said lots of land, may be substituted and remain fixed charges upon all the lands; that commissioners may be appointed to assign to her her dower in the said lands and that the respondents may be decreed to produce all their title deeds, evidences and writings relative to said lands or any of them in order to assist in the assignment of her dower. To the bill of complaint certain respondents have demurred for various reasons. The following will serve as a sample of the grounds of demurrer generally relied upon:

"First: That it does not appear in said bill that said Amasa Sprague was in his lifetime, and during the time that he was married to the petitioner, seized and possessed of the lands described in said bill, to his own use and benefit.

"Second: That it does not appear in said bill that the petitioner has ever demanded of this respondent that dower be set off to her out of said premises.

"Third: That the description of the premises in which said dower right is claimed, is indefinite and uncertain.

"Fourth: That this respondent is unable from the description given of said premises to say whether or not he has any claim or title to certain parcels thereof.

"Fifth: That it does not appear in said bill that said Amasa Sprague at the time of his decease was not seized and possessed of any other lands than those mentioned in said bill out of which the complainant's dower might be assigned.

"Sixth: That it does not appear in and by said bill whether the several respondents named therein are joint owners of all the premises mentioned in said bill or of some or any one of the

parcels described therein, or some particular part thereof, or whether each is the owner of a certain definite parcel or part thereof, or whether each is the owner of some indefinite and undescribed part thereof.

"Seventh: That said bill is uncertain and insufficient because it does not show the ownership of each of the several tracts of land described therein:

"Eighth: That said bill of complaint is multifarious for the reasons set forth in the preceding grounds of demurrer."

After hearing arguments upon the demurrers in the Superior Court the case was certified to this court under the provisions of Gen. Laws, 1909, cap. 289, § 36, for determination of the following questions:

"1. Whether the Superior Court of this state has jurisdiction of suits for dower under its general equity powers.

"2. Whether a demand for assignment of dower is necessary to maintain a suit in equity by a widow for dower under the general equity jurisdiction of said court.

"3. Whether such a demand is necessary in order to maintain such a bill under section 15, chapter 329 of the General Laws.

"4. Where a widow seeks to have dower set off to her by a bill in equity, should it appear in said bill that she has demanded of the respondents named therein, the then owners of the property out of which she seeks to have dower set off to her, that dower be set off to her out of said property?

"5. Whether an allegation that the complainant's husband was seized in fee simple and possessed of the lands out of which dower is sought, is a sufficient allegation of his estate therein.

"6. Where a widow seeks by a bill in equity to have dower set off to her, should it appear in said bill that her late husband was in his lifetime and during the time that he was married to the petitioner seized and possessed of an estate of inheritance in the lands out of which she seeks to have dower set off to her to his own use and benefit?

"7. Whether in such a bill where the several original tracts as owned by the husband are described by metes and bounds

and by reference to the deeds and the records thereof by which the husband acquired them and the subdivision of said original tracts are exceedingly numerous, it is necessary for the complainant to describe each of said lots or subdivisions.

"8.   Where a widow seeks to have dower set off to her out of certain lands, is the description sufficiently definite and certain (a) if it only described said property according to a description contained in ancient deeds and the record thereof, without any reference to existing bounds; (b) if it only describes said property according to its description in ancient deeds and the record thereof where said property has been divided into parcels and conveyed to divers parties, without any reference to existing bounds or description of said divers parcels; (c) if it only describes certain land merely by reference to a certain deed, stating where said deed is recorded; (d) if it only describes said property as bounded upon land of divers parties who have long since parted with the title to said land; (e) if it only describes said land according to the description contained in certain ancient deeds and the record thereof and states that there is excepted therefrom certain lots of land which have been sold to other parties at a certain sale, without particularly describing said lots of land; (f) if after giving the description contained in certain ancient deeds and the record thereof, it thereupon states that said lots or parcels include a portion of a certain plat of house lots, without stating what portion; (g) if the land is only described by giving the bounds on three sides, without giving the bound of the fourth side; (h) if the land is described only as occupied and owned by the grantor, without stating who the grantor is, is bounded on the grantee's land in part, without stating who the grantee is, and is bounded on the grantor's land in part, without stating who the grantor is?

"9.   Whether it is necessary in any bill for the assignment of dower to allege that the complainant's husband died intestate, or that he died testate and the complainant has not accepted any provision of his will in lieu of dower.

"10.   Whether in such a bill it is necessary for the complainant to allege that her husband did not die seized of lands

in which the widow is dowable other than those described in the bill.

"11.   Whether a bill in equity brought against more than seven hundred owners of distinct and separate lots of land into which several large, separate and distinct tracts of land described in the bill have been subdivided partly before and partly after the alienation thereof by the husband and which seeks to have dower assigned, not by metes and bounds but from the separate lots into which the land has been subdivided in a special manner, can be maintained without joining the owners of all other lots and subdivisions of the same tracts, under the general equity jurisdiction of the court or under sec. 15 of chap. 329.

"12.   Can a widow seeking to have dower set off to her out of certain property by a bill in equity, join therein divers respondents to the number of over eight hundred without stating what their respective interests are in the several pieces of property out of which she seeks to have her dower set off to her?

"13.   Whether a bill containing an allegation that ' by divers deeds and mesne conveyances from the said Zechariah Chaffee, purporting to convey said lands by virtue and authority of the aforesaid deed to him, and from his grantees and others who derived their titles to said lands and parts thereof either mediately or immediately from said Chaffee, title to the aforesaid lands has come to these respondents,' sufficiently alleges the respondent's ownership of the land out of which dower is claimed.

"14.   Whether a bill in equity for the assignment of dower which seeks to have dower set off in any less than all the lands of which the widow is dowable, can be maintained under section 15 of chapter 329 of the General Laws or under the general equity jurisdiction of the court.

"15.   Is a widow entitled to have dower set off to her out of certain lands that have been conveyed to others by her husband in his lifetime, if her husband at the time of his decease was seized and possessed of other lands out of which her dower might be assigned?

"16.　Can a widow seeking to have dower set off to her out of certain property in a bill in equity, brought under the general equity jurisdiction of the court or under section 15 of chapter 329 of the General Laws, join divers respondents to the number of over eight hundred if they are owners in severalty of different parcels of said property where it does not appear in said bill that all persons owning the lands out of which dower is assignable are made parties respondent?

"17.　Is a bill in equity multifarious where respondents to the number of eight hundred are made parties when it does not appear that they have a common interest in all the lands out of which dower is sought?

"18.　When a widow is entitled to dower in several parcels of land owned by different persons and she brings a suit in equity against the owners of said several parcels of land, is the bill multifarious because of the great number of such owners who are joined as the parties respondent in the bill?

"19.　Whether a bill in equity which seeks to have dower set off in a special manner, and not in one parcel, or in contiguous parcels, by metes and bounds, can be maintained under section 15 chapter 329 of the General Laws.

"20.　Can such a bill as that described in the last question be maintained under the general equity jurisdiction of the court?

"21.　Where a widow by a bill in equity seeks to have dower set off to her out of several tracts of land, should the bill show who are the owners at the time of the filing thereof of each of the several tracts of land described therein?

"22.　Can a widow seeking to have dower set off to her out of certain property through a bill in equity, join divers respondents who are interested in divers parcels of property out of which she seeks to have dower set off to her, without stating in the bill in equity that the property referred to in said bill in equity out of which she seeks to have dower set off to her, is all the property in which she is entitled to dower?

"23.　Can a widow seeking to have dower set off to her out of certain property in a bill in equity brought under the general

equity jurisdiction of the court or under section 15 of chapter 329 of the General Laws, join divers respondents to the number of over eight hundred if they are owners in severalty of different parcels of said property where it does not appear in said bill that all the persons owning the lands out of which dower is sought are parties respondent?"

(1)    The first question must be answered in the affirmative. Under the provisions of Article XII of Amendments to the constitution of the state, Section 1. "The supreme court shall have final revisory and appellate jurisdiction upon all questions of law and equity. It shall have power to issue prerogative writs, and shall also have such other jurisdiction as may, from time to time, be prescribed by law. A majority of its judges shall always be necessary to constitute a quorum. The inferior courts shall have such jurisdiction as may, from time to time, be prescribed by law," and by the fifth section of the same article, "The general assembly shall provide by law for carrying this amendment into effect, and until such provision shall be made, the supreme court as organized at the time of the adoption of this amendment, shall continue to have and exercise the same powers and jurisdictions which it shall then have under such organization." At the January Session, 1905 (on the third day of May), the general assembly enacted the Court and Practice Act, entitled: "An act revising the judicial system of the state to conform to Article XII of Amendments to the Constitution," wherein the following provision was made *inter alia:* "Sec. 9. The Superior Court shall have exclusive original jurisdiction, except as otherwise provided by law, of suits and proceedings in equity, and of statutory proceedings following the course of equity, of petitions for divorce, separate maintenance, alimony, and custody of children." Sec. 1162 of the same act made further provision, as follows: "Section 20 of Chapter 264 of the General Laws is hereby amended so as to read as follows: ' Sec. 20. Whenever the lands, tenements or hereditaments in which dower is claimed are situate in two or more counties in the state, the suit for dower, whether at law or in equity, may be brought in either county where any

of the lands, tenements or hereditaments are situate.'" The amendment was effected by striking out the following proviso from the section; "Provided that suits for dower in equity, relating to lands, tenements and hereditaments in Kent and Bristol counties, shall be brought in the appellate division of the supreme court in Providence." The original predecessor of said section 20 is sec. 1 of cap. 503 of the Pub. Laws, passed March 25, 1864, entitled: "An act in amendment of title XXIX., chapter 202, of the Revised Statutes, ' Of Dower, the action of Dower, and of Jointure,'" and reads as follows: "Section 1. When the lands, tenements or hereditaments in which dower is claimed, are situate in two or more counties in this state, the suit for dower, whether at law or in equity, may be brought in either county where any of the lands, tenements or hereditaments are situate." This statute had relation to the venue of suits and did not attempt to create any new rights of action in law or in equity. It recognized as already existing the right of widows to bring legal and equitable suits for dower. For nearly half a century it has continued to be a component part of the statutes concerning dower and is now contained in Gen. Laws, 1909, cap. 329, § 19. It is not contended that courts of equity are without jurisdiction in cases of dower, and the matter is too well settled at the present time to admit of argument. See 2 Scribner on Dower, cap. VII, §§ 10 to 15, inclusive; Cyc. Vol. 14, p. 978. 2. Forms of Remedy, and 979 f. and cases cited.

(2)     The second, third and fourth questions relative to demand for assignment of dower must be answered in the negative. " At common law both in England and in this country a demand of dower is not necessary to the maintenance of an action for its recovery, although the failure to make such demand prevents recovery of damages for the detention of dower, upon a plea of *tout temps prist*. The rule, however, that demand is not necessary has been modified by statute in some jurisdictions, so that a demand of a tenant of the freehold is a condition precedent to the maintenance of an action against him." Cyc. Vol. 14, p. 977.

As pointed out by Mr. Scribner: "In some of the states statutes have been enacted making a demand of dower an essential prerequisite to the right to proceed by action for its recovery. The Massachusetts' statute of 1641 appears to have required this, and later enactments have fully established the rule in that state. Nor can any action be brought until the expiration of one month from the time of demand. In New Hampshire, Rhode Island, and Maine, the rule is the same. In Connecticut sixty days must elapse from the time of the demand." 2 Scribner on Dower, p. 109. The Rhode Island statute therein referred to by the learned author is Revised Stats. (1857) cap. 202, § 7, whose provisions are identical with those of Gen. Laws, 1909, cap. 329, § 7, which reads as follows: "Sec. 7. If after one month's demand, made by the widow, of the persons empowered to set off dower, the same shall not be set off to her in all the lands, tenements and hereditaments in which they are empowered to set off the same, or the dower assigned and set off shall be less in value than the widow is entitled to, or shall be assigned and set off in a manner inconsistent with the provisions and true intent of this chapter, such widow may sue for and recover her dower and damages for the detention of the same by writ of dower, to be brought either against the tenant in possession or the tenant or tenants of the estate of freehold subsisting at the time of the demand."

"Demand of dower must first be made of such tenant (for years in possession) in pursuance of the statute in order to maintain the writ, and damages for detention are recoverable only from the time of demand." *Ellis* v. *Ellis*, 4 R. I. 110 (1856).

The statute referred to in that case is contained in the Digest of 1844 and is entitled: "An act relating to Dower and the assignment thereof," whereof section 5 reads as follows: "If any person empowered according to the third section of this act, shall neglect for one month after demand made to assign and set off to any widow her dower in all the land, tenements and hereditaments in his possession, of which she is dowable, or shall assign and set off less in value than the widow is entitled

to or in a manner not consistent with the provisions and true intent of this act, in either of these cases, such widow may sue for and recover her dower by writ of dower, to be brought against the tenant in possession or the tenant of the next immediate estate of freehold." A similar provision was contained in the Digest of 1798, p. 245, § 4. For over a century it has been the settled policy of the state, as evidenced by the foregoing statutes, to require a widow to make demand for her dower before bringing writ of dower to recover the same.

(3)     The common law has therefore been modified in this respect. As these statutes are in derogation of common law right they must receive strict and literal rather then large and liberal construction, and should not be held to embrace anything not included within the terms of their provisions. They relate solely to proceedings by writ of dower and were evidently designed for the purpose of fixing the period from which damages should be recoverable in case of detention. Hence they furnish the exclusive remedy for such detention and the recovery of damages therefor. In this connection it may be noted that although dower may be assigned by courts of probate under the provisions of Gen. Laws, 1909, cap. 329, §§ 21, 22 and 23, it is specially provided by section 24 thereof that: "No damages for detention of dower shall be allowed on such application, . ." Moreover, as we have observed, for nearly half a century the general assembly has from time to time enacted statutes wherein the equitable suit for dower was recognized as an existing remedy without attempting to amend or extend the scope of the statute relating to demand for assignment of dower so that the same might include suits for dower in equity.

For these reasons we are of the opinion that allegation and proof of demand is unnecessary in equitable suits for the recovery of dower.

(4)     The fifth question must be answered in the affirmative. "Dower has been defined as that portion of lands or tenements which the wife hath for the term of her life of the lands or tenements of her husband after his decease, for the sustenance of herself and the nurture and education of her children. It

consists at common law of a third part of all the lands and tenements of which the husband was seized in fee simple or fee tail at any time during the coverture, and of which any issue which she might have had might by possibility have been heir, held by the wife for the term of her natural life." Cyc. Vol. 14, p. 880. "Different writers upon the subject have adopted different orders of arrangement in treating of estates. But as seemingly the most natural one, it is proposed to consider first, that out of which the others are derived or carved, and then to treat of these in their order of importance as measured by quantity or duration. Adopting this order, the first of these is an estate in *fee simple*.

"Fee, as is originally used, signified land holden of some one as distinguished from allodial lands, fee and feud being synonymous terms. But now it is ordinarily used to denote the *quantity of estate in land*, and is confined to estates of inheritance, or those which may descend to heirs. So that fee may be considered as in itself implying an inheritance. When the term *simple* is applied, it means no more than *fee* when standing by itself, as understood in respect to modern estates. But it excludes all qualification or restriction as to the persons who may inherit it as heirs, to distinguish it from a fee tail, which, though an inheritable one, will descend only to certain classes of heirs, as well as from an estate which, though inheritable, is subject to condition or collateral determination. A fee-simple, therefore, is the largest possible estate which a man can have in lands, being an absolute estate in perpetuity. It is where lands are given to a man and to his heirs, absolutely without any end or limitation put to the estate. And a fee-simple absolute simply means a ' fee-simple.' The word ' absolute' adds nothing to its meaning or effect. It gives him the fullest power of disposing of the estate, and, if he fails to do this, it descends to such of his kindred however remote, as the law marks out as his heir." 1 Wash. Real Prop. 3d Ed. *p. 51.

(5)     The sixth question must be answered in the affirmative. In a bill in equity for the assignment of her dower, brought by a widow, it is essential that she should allege therein that her

husband in his lifetime and during their intermarriage was seised and possessed of an estate of inheritance in the lands out of which she seeks to be endowed. And this requirement is fulfilled by an allegation that he was within such time seised and possessed of the lands in fee-simple.

(6) The seventh question must be answered in the negative. It is not a violent presumption to assume that the respondents are severally acquainted with the various links in their own chain of title. In these days of title examiners and title guaranty companies, a prudent man would hardly think of making improvements upon land conveyed to him until his title thereto had been examined and a certificate of the result of such examination obtained. The bill is brought for the purpose of obtaining an assignment of dower out of lands now held by the respondents. If the description in the bill is sufficient for the purposes of identification of the original tracts of land therein referred to, that is all that can be required. The respondents are in a more favorable position for becoming acquainted with the various ramifications and transformations undergone by the various tracts of land severally held by them since the time of the conveyance thereof by the husband of the petitioner than the widow who has been no party to any of the transactions. The case is not the same as if the information contained in the bill concerning the land in question was being given to strangers to the title for the purpose of enabling them to identify the land therein referred to. For the same reasons the eighth question must be answered in the affirmative. All that it is necessary for the widow to show is that during her coverture the husband was seized of an estate of inheritance in certain lands which lands were conveyed by him and in which she has not relinquished her right of dower. This will not ordinarily require her to set forth more than the description of the land contained in the deeds by which they were acquired and alienated.

(7) The ninth question must be answered in the negative. "It is not indispensable that a bill for dower should negative every fact which may possibly exist inconsistent with the claim.

Allegations that complainant was the wife of one who was seized of the land; his death; his alienation of the land during the coverture, and of possession with claim of title by the defendant, are *prima facie* sufficient to entitle the complainant to a decree." 2 Scribner on Dower, p. 157. It is not to be presumed that the widow of a testator who had made ample provision for her in lieu of dower in his last will and testament, which provision had been accepted by her, would have the effrontery to abuse the process of the court for the purpose of obtaining something to which she was not entitled, having surrendered her rights in the premises for a valuable consideration. Nevertheless, if it should be made to appear that such was the fact it would constitute a sufficient defense to the claim of the widow. It is however, a matter of defense.

The tenth question must also be answered in the negative, such an allegation is unnecessary because the matter therein referred to is properly a matter of defense and may be shown as either a partial or complete bar to the widow's claim of dower.

(8) The eleventh question must be answered in the negative. It is necessary that the owners of all the land in which she claims to be dowable should be joined under the provisions of Gen. Laws, 1909, cap. 329, § 15.

(9) The twelfth question must be answered in the affirmative. It is unnecessary and useless to attempt to give the respondents information concerning their own title or interest in the property. They may well be supposed to have better sources of information than the complainant.

(10) The thirteenth question must also be answered in the affirmative, because a general allegation of ownership and source of title is sufficient to apprise the respondents of the complainant's claim in that particular, and is enough to put them upon their defense.

(11) The fourteenth question so far as the same relates to Gen. Laws, 1909, cap. 329, § 15, must be answered in the negative. A bill in equity for the assignment of dower which seeks to have dower set off in any less than all the lands of which the widow is dowable at the time of the bringing of the suit in equity cannot

be maintained under said section. 15.    So far as the question relates to the general equity jurisdiction of the court, the question is answered in the affirmative, for separate suits could be brought to have dower assigned out of each several parcel of land.

(12)    The fifteenth question must be answered in the negative.

(13)    The sixteenth question must be answered in the negative. The bill is brought under Gen. Laws, 1909, cap. 329, § 15, which is the exclusive remedy provided for the purpose of obtaining an assignment of dower in several parcels of land in one suit and under its provisions must be brought against all persons owning the land out of which dower is sought. We do not mean by this that it is necessary to include in the suit all the land out of which the widow was originally entitled to be endowed. It may well have happened that before this suit was brought, some of the owners of the land did set off the widow's dower therein, or agreed with her upon some substantial equivalent in lieu thereof. In such a case there would be no necessity for the widow to include those, with whom settlements had been made, as parties respondent in her bill. "If dower has been already assigned out of the land in question, and accepted by the widow, this constitutes a defence to the action and may be plead in bar. It is not necessary to set forth an assignment by deed or even in writing; an assignment *in pais* being sufficient, notwithstanding the Statute of Frauds." 2 Scribner on Dower, 136.

(14)    The seventeenth question must be answered in the negative. A bill in equity may be brought under Gen. Laws, 1909, cap. 329, § 15, against any number of respondents, irrespective of their community of interest in the lands out of which dower is sought. For the same reason the eighteenth question must be answered in the negative.

(15)    The nineteenth question must be answered in the affirmative. Gen. Laws, 1909, cap. 329, §§ 2 and 17 recognize the fact that peculiar conditions may exist wherein it will be just and equitable to set out dower in an extraordinary manner and the provisions of section 17 are applicable to "all actions at

law, or suits in equity," and are therefore broad enough to include a suit in equity under section 15 of the chapter.

The twentieth question, so far as it relates to an ordinary bill in equity for the assignment of dower, must also and for the reasons given in the next preceding answer be answered in the affirmative.

(16) The twenty-first question must be answered in the negative. If the bill shows who are the owners of all the tracts of land described therein it need not show who are the owners of each of said tracts. In other words, it is easier for each respondent to ascertain the location of his own land in the premises described in the bill than for the complainant to attempt to do so.

For the reasons given in the answer to the sixteenth question the twenty-second question must be answered in the negative.

The twenty-third question must also, and for the same reason, be answered in the negative.

Having thus answered the questions certified to us, the papers in the cause, with our decision certified thereon, are remitted to the Superior Court for further proceedings.

*Walter R. Stiness, John H. Slattery, Nathan W. Littlefield,* for complainant.

*Gardner, Pirce & Thornley,* for respondent, WILLIAM R. RANDALL; *Waterman, Curran & Hunt,* for respondent, FREDERICK E. PERKINS; *Albert A. Baker, Page & Cushing, E. K. Parker, James C. Collins, Edwards & Angell, Terence M. O'Reilly, Benjamin L. Dennis, Everett L. Walling, Benjamin W. Grim, Clarence A. Aldrich, Charles E. Salisbury, Henry C. Cram, Thomas F. West, Richard W. Jennings, Edwin C. Pierce, Green, Hinckley & Allen, Harry C. Curtis, A. A. Capotosto, Thomas Riley, Jr., Peter M. O'Reilly, A. S. & A. P. Johnson, Edward M. Sullivan, Howard T. Metcalf, Charles R. Easton, George A. Breaden, William C. H. Brand, Patrick P. Curran, Joseph C. Cawley, Thomas P. Corcoran, Gonzalo E. Buxton, Jr., John P. Beagan,* for various respondents.