LUKE CONNOLE *et al. vs.* CLARA CONNOLE.

MAY 11, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)   *Probate Courts.   Allowance to Widow.   Dower.*

A Probate Court has authority to make an additional allowance to the widow under Gen. Laws, 1909, cap. 313, § 9, only after assignment of dower has first been made.

(2)   *Assignment of Dower.*

A petition to a Probate Court for assignment of dower is in effect an action at law.

(3)   *Assignment of Dower.   Fixed Rentals.*

A Probate Court has under Gen. Laws, 1909, cap. 329, § 17, discretionary power to assign dower either by metes and bounds or by the establishment of a fixed rental, but the provision for fixed rental can be waived by the parties which is in effect done by assenting to a decree dividing the rentals

on the basis of the net amount actually received and the absence of express statutory authority for this action is not necessarily decisive.

PROBATE APPEAL.    Heard on exceptions of appellants and overruled.

STEARNS, J.    The case is in this court on the bill of exceptions of the appellants, Luke Connole *et al.*, whereby exception is taken to a decision of a justice of the Superior Court denying and dismissing appellants' appeal from a decree of the Probate Court of the City of Cranston.

The appellee, Clara Connole, is the widow of one John Connole, who died in 1906, intestate and without issue.    The appellants are heirs at law of John Connole.    Luke Connole was appointed administrator of the estate of John Connole and his final account was allowed long prior to the time when proceedings to secure dower were begun by the widow.    The real estate consisted of three cottage houses on one plat, and three or four small parcels of unimproved land from which no income was derived.    For a number of years Luke Connole collected the rents from the tenants of the cottage houses and, after deducting therefrom charges for taxes, etc., paid over to the widow one third of the net income.

In September, 1919, the widow filed a petition in the Probate Court of the City of Cranston for the assignment of dower, and at the same time another petition for an estate for her support in addition to dower, as provided by Section 9, Chapter 313, General Laws.    After several hearings on the petition for assignment of dower, the probate court by its decree assigned as dower to the widow "one third of the net rents and profits arising out of said estate as provided by Section 17, Chapter 329, General Laws of Rhode Island, 1909, payable on or before the 10th day of each and every month hereafter, said sum to be and remain, until further order of this Court, a fixed charge upon the estate of which said John Connole died seised and possessed."    This decree before entry was assented to by counsel for the heirs and counsel for the widow.    Later the probate court, after a

hearing on the second petition, assigned to the widow as an estate in addition to dower the three cottages. No question is raised as to the particular provisions of this second decree, as the deceased left no issue and the property was not required for the payment of debts. The claim is that the assignment of dower was invalid and consequently the probate court had no jurisdiction to enter any decree for additional allowance. As the probate court has authority to make an additional allowance to the widow only after assign-

(1) ment of dower has first been made (*Mathewson* v. *Mathewson*, 16 R. I. 12), the only question here is, was there a valid assignment of dower. Chapter 329, General Laws, "Of Dower and Jointure" provides by Section 1 that the widow is entitled to have one third of the real estate set off for her use by metes and bounds; by Section 2, when the inheritances are entire, where no division can be made by metes and bounds and of woodlands, the widow shall be endowed of a third part of the rents, growth or profits; by Section 3, where there are several parcels of land, assignment of dower may be of a single parcel and need not be a part of each lot; by Section 17, it is provided that in all actions at law or suits in equity to recover dower the court having regard to the situation of the parties and of the estate may set out such dower by metes and bounds, or may substitute therefor a fixed rental to be paid at stated periods and to remain a fixed charge upon the estate out of which dower is assignable. Provision is also made on cause shown for a reappraisal of rental, etc. The decree in question purports to be made under authority of Section 17.

(2) The proceeding before the probate court in effect was an action at law. *Willock* v. *Willock*, 29 R. I. 511. The court has under Section 17 discretionary power to assign dower either by metes and bounds or by the establishment of a fixed rental. *Arnold* v. *Probate Court*, 25 R. I. 506. In the case at bar either party, if it had so desired, might have insisted on having the amount of the rental fixed by decree of the court. For their own convenience and advantage

the parties in interest saw fit to divide the rentals on the basis of the net amount which was actually received from the property rather than on an estimate of the amount they might expect to receive. At common law the parties by mutual agreement may waive a strict assignment of dower by the heirs according to the rules of law. 2 Scribner on Dower, Ch. IV, ¶ 22. *Draper* v. *Baker*, 12 Cush. 288. As the provision in regard to the fixed rental was intended to (3) be for the benefit of the parties in interest, we see no valid objection to allowing them to waive this provision as they have in effect done in this case by assenting to the entry of the decree. The absence of express statutory authority for the action taken is not necessarily decisive.

In *Sheffield* v. *Cooke*, 39 R. I. 217, it was held that the court when the circumstances justified such action could award to the widow a gross sum as dower in the proceeds of sales of land, although there was no specific statutory authority therefor and in that case the widow was allowed as dower legal interest annually on the net proceeds of the sale of the real estate.

Our conclusion is that the assignment of dower was valid.

The appellants' exception is overruled and the case is remitted to the Superior Court with direction to affirm the decree of the said Probate Court of the City of Cranston from which the appeal was taken.

*Daniel A. Colton,* for appellants.

*Cooney & Cooney,* for appellee.